**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
CIVIL ACTION NO.: _____**

| | |
|---|---|
| **FAIRINGTON PARK CONDOMINIUM ASSOCIATION, INC. d/b/a FAIRINGTON PARK CONDOMINIUM ASSOCIATION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GREAT AMERICAN INSURANCE COMPANY, a foreign corporation,**<br><br>**Defendant.** | |

**DEFENDANT GREAT AMERICAN'S NOTICE OF REMOVAL
(DIVERSITY)**

Defendant, Great American Insurance Company ("GAIC"), by and through its undersigned attorneys, hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, that it has removed the above-captioned matter to the United States District Court of the Northern District of Georgia, Atlanta Division (the "Notice"). A copy of this Notice is being filed with the State Court of Fulton County, pursuant to 28 U.S.C. § 1446(b). In support of this Notice, GAIC states the following:

1

## PROCEDURAL HISTORY

On or about May 10, 2021, the above-captioned Plaintiff commenced legal action against GAIC before the State Court of Fulton County in the matter styled *Fairington Park Condominium Association, Inc. d/b/a Fairington Park Condominium Association v. Great American Insurance Company, a foreign corporation* ("the State Court Action"). *See Complaint,* attached as Exhibit A (the "Complaint"). Plaintiff asserts that its process server served GAIC, through its registered agent, CT Corporate System, with a copy of Plaintiff's Complaint on May 14, 2021. *See Affidavit of Service*, attached as Exhibit B.[1] Plaintiff proceeded to file an Amended Complaint on June 4, 2021, a copy of which is attached as Exhibit C.

## PLAINTIFF'S AMENDED COMPLAINT

This Civil Action regards whether an insurance policy issued by GAIC to Plaintiff, both of whom are citizens of different States, requires GAIC to indemnify Plaintiff for damages Plaintiff alleges it incurred. According to the Complaint, GAIC issued an insurance policy bearing the number MAC 0323134 06 (the "Policy"), which pertained to Plaintiff's property at 1101 Par Four Way, Lithonia, Georgia (the "Property"). *See Exhibit C, Amended Complaint*, ¶ 6; *see also Exhibit*

---

[1] According to the Service of Process Transmittal that GAIC received, Plaintiff's process server served Plaintiff's Complaint upon the CT Corporate System on May 21, 2021—not May 14, 2021. Irrespective, for purposes of Removal, GAIC has filed this Removal within 30 days of May 14, 2021.

2

*D*, a copy of the Policy. Plaintiff alleges that on or about July 21, 2018, a storm caused damage to that Property. *See Exhibit C, Amended Complaint*, ¶ 9. Plaintiff contends that despite notifying GAIC of its loss, GAIC failed to fully indemnify Plaintiff. *See Ex. C, Amd. Compl.*, ¶¶ 14-17. Plaintiff's Amended Complaint alleges a single cause of action for breach of contract (Count I), which seeks more than $428,000 in damages, exclusive of various interest amounts, pre- and post-judgment interest, and other relief. *See Ex. C, Amd. Compl.*, at pp. 4-8. GAIC now respectfully removes this matter to this Honorable Court in accordance with 28 U.S.C §1332(a)(1) and 28 U.S.C. § 1446 (b)(1).

## BASIS FOR DIVERSITY JURISDICTION

It is black-letter law that a "district court has original jurisdiction over federal questions, 28 USC § 1331, and cases involving diversity of citizenship, 28 U.S.C. § 1332." *See Turpeau v. Fidelity Fin. Servs., Inc.*, 936 F. Supp. 975, 977 (N.D. Ga. 1996). To justify a Federal court's jurisdiction under § 1332, "the matter in controversy" must exceed "the sum or value of $75,000, exclusive of interest and costs" and the action must be between "citizens of different states." *See* 28 U.S. Code § 1332(a); *see Turpeau*, 936 F. Supp. at 977.  Here, both elements are met.

## The Amount in Controversy in this Matter Exceeds $75,000

A federal court has diversity jurisdiction over an action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties have complete diversity of citizenship. *See* 28 U.S.C. § 1332(a); *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 F. App'x 861, 864 (11th Cir. 2016); *see also Snyder v. Harris*, 394 U.S. 332, 335, 89 S. Ct. 1053, 1057, (1969); *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 64 S. Ct. 5 (1943) (holding that punitive as well as compensatory damages are to be considered in determination of whether requisite jurisdictional amount is actually in controversy); *Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272 (6th Cir. 1973) (holding same); *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995) (holding consistent with *Snyder v. Harris*).

Here, without the inclusion of attorney's fees or costs, Plaintiff's claimed damages against GAIC exceed $400,000.00. *See Ex. C, Amd. Compl.*, ¶¶ 14, 16. Indeed, Plaintiff's Amended Complaint alleges that the repairs to indemnify Plaintiff for the loss it allegedly incurred totals "$428,092.10." *Id.* at ¶ 16. Accordingly, the "amount in controversy" requirement is clearly met.

## **This Action is Between Citizens of Different States**

The second and final requirement for diversity jurisdiction is that complete diversity exist. In other words, the citizenship of "every plaintiff must be diverse from every defendant." *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996). As this Court is well aware, corporations are citizens of the state(s) in which they are incorporated and in which they maintain a principal place of business. *See* 28 U.S.C. § 1332(c)(1). Here, according to Plaintiff's Amended Complaint, Plaintiff is a Georgia corporation with its principal place of business in Georgia. *See Exhibit C, Amended Complaint*, ¶¶ 1-2. This is confirmed via a review of Plaintiff's business credentials on the Georgia Secretary of State's website. *See Exhibit E, Georgia Corporations Division Business Information regarding Fairington Park Condominium Association, Inc.* Also according to Plaintiff's Amended Complaint, GAIC is a "foreign insurance company." *See Exhibit C, Amended Complaint*, ¶¶ 1-2. GAIC's status as a foreign corporation is corroborated not only by the Policy, which is attached to Plaintiff's Complaint, but also, Ohio's Secretary of State website. *See Exhibit D, Policy*, at p. 1; *see also Exhibit F, Ohio Secretary of State Business Details regarding Great American Insurance Company*. Accordingly, it is clear that Plaintiff is a citizen of the State of Georgia, whereas GAIC is a citizen of Ohio. Thus, complete diversity between the Parties exists.

## **CONCLUSION**

Because the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, and this matter is between citizens of different states, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because it is the district and division embracing the place where such action is pending. Further, per 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and it shall be contemporaneously filed with the Clerk's Office for the State Court of Fulton County, State of Georgia. A copy of the Notice of Removal to Opposing Counsel and the Notice of Filing Notice of Removal, are attached hereto as Exhibits G and H, respectively.

This Notice of Removal is not a waiver of GAIC's defenses, nor should it be understood or construed as a waiver of any defenses GAIC may have against any of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendant, Great American Insurance Company, requests that the above captioned action be removed from the State Court of Fulton County, State of Georgia to the United States District Court for the Northern District of Georgia.

BUTLER WEIHMULLER KATZ CRAIG LLP

s/ T. Nicholas Goanos_____
T. Nicholas Goanos
GA Bar No.: 415220
11605 N. Community House Road, Suite 150
Charlotte, North Carolina 28277
Telephone:  (704) 543-2321
Facsimile:   (704) 543-2324
Email:           tgoanos@butler.legal
*Attorneys for Great American Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of June 2021, I served a true and correct copy of the foregoing **NOTICE OF REMOVAL** by placing the same, postage paid, in the United States Mail addressed to the following persons, as well as filing the same with the above-captioned Court via ECF Pacer.

> J. Remington Huggins
> Michael D. Turner
> Foster L. Peebles
> The Huggins Law Firm, LLC
> 110 Norcross Street
> Roswell, GA 30075
> *Counsel for Plaintiff*

>>s/ T. Nicholas Goanos_____
>>T. Nicholas Goanos